UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ERIC MARTIN** *et al.*                                                                                   **PLAINTIFFS**

v.                                                                         **CIVIL ACTION NO. 3:19-CV-894-GNS**

**OLDHAM CO. P.V.A.** *et al.*                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiffs Eric Martin and Janet Martin's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiffs filed their complaint on a "Complaint for a Civil Case" form. As Defendants, they name: Oldham Co. P.V.A.; "Commonwealth Attorney Oldham Co/Jefferson"; Valerie Shannon, probate administrator; Oldham Police; Glen Meehan, a lawyer who worked with "Valerie Shannon and insurance on fraud and voter fraud"; "School Board"; and Clayton and Milton Stoess of Stoess Funeral Home.

Plaintiffs allege both diversity and federal-question jurisdiction. Regarding diversity jurisdiction, Plaintiffs indicate that they are citizens of Kentucky, and Plaintiff Eric Martin further indicates, "KY – Indian Reservation It's my home." Plaintiffs state that Defendants Shannon and Meehan are both citizens of Kentucky, and they allege an amount in controversy of $200,000,000. As the basis of federal-question jurisdiction, Plaintiffs list: law enforcement and "harassment, voter fraud, insurance fraud, using insurance company to danger my life with car wrecks medical tort, taking advanage of issue's from molestation so cant go see my own doctor it is due proess and abuse of power using law's of the land."

In the section of the complaint form seeking Plaintiffs' statement of claim(s), Plaintiffs allege that "Judge D. Wheeler Dad is insurance helping along with Steven and Yolonda Dunaway family insurance fraud hold from FED's to set me up." He continues as follows:

> I am asking for my family earning also Helen McCray AKA Helen Stewart proptery fixed from the stess and tort due from Valerie Shannon and Glen Meehan involment to insurance fraud and voter fraud with help of School Board and NCAA also insurance company insurance company is using Stoess Clayton and Milton to help voter fraud off of 4 plot's in Bardstown Ky that Edward Clark, Ed Partin, Jerry Clark, Frank Sheeran got set up to witness tamper using insurance company help. As the law dont have a point to go on.  they walk away when I tale due to there family involment in Oldham.  its went on for so long it now psychological tort[.]

To the complaint, Plaintiffs attach additional pages of allegations against Defendants and others regarding the fraud and other claims set forth in the complaint form. Plaintiff Eric Martin alleges that the scheme of kickbacks and voter fraud began in August 1994. He alleges that Defendant Shannon "was witness or helping scam as she and Deborah Woods (Clark) was hanging out shopping for lingerie cell phone records will show" and that at that time Defendant Shannon advised that certain property was registered in Oldham County to Elmer Murphy "[b]ut in Jefferson it was registered to Helen McCray/Helen Stewart to scam promise note and Tommy Martin account." He further alleges that Defendant Meehan "witness is one of first people to help with scam or investagated." Plaintiff Eric Martin claims that Defendant "Clayton Stoess was help on school Board set up Yolonda Dunaway as Edward took a oil deed to Clayton and said Im giving it to Yolonda Dunaway meaning the deed or sex relationship to cover voter fraud," and he claims that Defendant "Milton Stoess along with Edward fraud Mr. Cobb name to print a death record on me Eric Daneil Martin as Edward stole his wife notary stamp to help Boycott and poach off land and account." He additionally claims that "state government seem to abuse it's power to investagate a matter I told to make sure I'm not in on the scam they false report a dog using bathroom to send me to emotional class . . . ."

As relief, Plaintiffs seek "2,000,000, the tort to stop along with Blackmail, medical torture, Due process, intimidation abuse From the Government and insurance to stop" and ask Defendants to "Fix Helen's house I barn down do to stress by this scam tortue." In addition, Plaintiffs seek the following:

> I am asking for my escrow account to stop be fraud the torture by insurance company the harrassment By the law to stop!! It psychological torture got so Bad, I want my family earning Helen McCray has everything registered in Court 12-12-1997 and tommy lee Martin. I would love to have my civil Rights! I got witness! government denies due process Blackmai'ls Has Kid's rape to torture using C.I.A methods going on 35 year[.]

## II.

Because Plaintiffs are proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise

or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### III.

The complaint is not a model of clarity. Plaintiffs seek to invoke both diversity and federal-question jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 is lacking as Plaintiffs indicate that they and at least two Defendants, Shannon and Meehan, are citizens of Kentucky. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").

Under the federal-question statute, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs allege primarily state-law claims. As to any federal claims they may be trying to assert, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiffs allege a vast conspiracy of scams, harassment, voter and insurance fraud, "medical tort," "due process and abuse of power," and blackmail by numerous persons over a 35-year period. These are not legal theories upon which a valid federal claim may rest.

Although this Court recognizes that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), the duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: June 16, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiffs, *pro se*
      Defendants
4416.005

5